LEGGETT *v.* STATE.

(In Banc.   Oct. 13, 1941.)

[4 So. (2d) 234.   No. 34580.]

Jas. F. Noble, of Brookhaven, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

Pursuant to the authority of a valid search warrant, the officers made a lawful search of the premises of the appellant's father for intoxicating liquors, and it was shown that the appellant also resided there. They found near the residence sixteen pints of whisky in a large milk can setting on the inside of the field in such proximity to the fence that it could be reached by a person with his hand from the outside. Immediately prior to obtaining the search warrant one of the officers had watched the appellant, from some vantage point on the public highway, going to and from the place where this milk can was later found, reaching his hand through the fence, and then delivering something to the occupants of automobiles who visited the premises while the observations of the officer were taking place. He could not see the milk can itself from where he was, and consequently he did not actually know that the appellant had taken any whisky from the can, except by circumstantial evidence. He did know that he had been reaching his hand through the fence at the place where the can containing the whisky was later found, as aforesaid. We are unable to distinguish the case in principle from that of Wallace v. State, 189 Miss. 763, 199 So. 78, where it was held under similar circumstances that the evidence was sufficient to raise an issue for the jury as to whether the defendant was in the conscious possession and control of the whisky found.

The judgment of conviction and the sentence imposed must therefore be affirmed.

Affirmed.