BURGESS *v.* STATE.

June 8, 1953

No. 38739          34 Adv. S. 3          65 So. 2d 260

*B. P. Mauldin,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Malone Burgess, was tried and convicted on affidavit charging him with the unlawful possession of intoxicating liquor. It appears that the sheriff sent two of his deputies to search the premises for intoxicating liquor, where the defendant owned and operated a service station and garage, and that they had a search warrant for that purpose, issued pursuant to an affidavit for the search warrant. These documents were introduced in evidence but they are not copied in the record.

Assuming that the search warrant was in the usual and proper form, it commanded that the officers diligently search the premises therein described, "making known to the person or persons in control thereof, if any, your authority for so doing." The deputies did not comply with this provision of the search warrant until after they had found and seized the intoxicating liquors in question, as will hereinafter appear from their testimony.

One of the deputies testified:

"A. We was out there and stood under a tree where we couldn't be seen too well and this car drove up and stopped at the end of the building, a man stood there some little while, I don't know whether he got out or not, then he drove round behind the building with his lights out, opened the car, then appeared again and had something in his hand and he crossed the fence and left the object he had and drove back round the front of the building.

"Q. Then what did you do?

"A. Left where we were and went to where the object was and found it contained whiskey."

The object to which he refers was "a little over night bag."

The other deputy testified to substantially the same facts and they both admitted that they made no attempt to serve the search warrant until after they had opened this little over night bag and found the whiskey. This deputy in particular was asked:

"Q. But in other words you didn't make an effort to serve the warrant on him when you first got there?

"A. I didn't have any intention to do so."

When the defendant came out to where the over night bag was, reached down and picked it up, the officers then "shined the flashlight in his face to know for sure who it was and told him to stop." They then took the bag from him, but they had previously removed a part of the whiskey therefrom during the defendant's absence. They later went into his place of business and made a full search of his premises but did not serve the search warrant until after they had arrested him in connection with the whiskey they had previously seized.

In the case of Adams v. State, 202 Miss. 68, 30 So. 2d 593, this Court, in discussing Sec. 23 of the State Constitution to the effect that "the people shall be secure

in their persons, houses, and possessions from unreasonable seizure and search . . .," held that ▆▆ such provision was violated where the officer serving a search warrant had completed the search before making known to the defendant his authority for being on the premises, saying: "It was too late then to legalize retroactively the illegal search already finished, or to make the evidence obtained thereby admissible at the trial . . ."

In 79 C. J. S., p. 904, it is said that: "Service of a search warrant must conform strictly to the statutory requirements; and all legal formalities with respect to executing it must be complied with. Under provisions to that effect, there should, where the administration of justice would not be defeated thereby, be personal service of a search warrant on the person in charge of the premises to be searched, before the search is commenced, if possible; and it has been held that executing officers cannot properly proceed to execute a search warrant without first exhibiting it, or at least stating its contents . . ."

It is true as contended by the State that the appellant can not complain of a search made off his premises and that as to the search made on his premises the officers held a search warrant for that purpose, but this did not give them the right to open the over night bag of the defendant, whether on or off his premises, without having first made known to him their authority for so doing.

▆▆ We have, therefore, concluded that evidence obtained by the officers by opening the over night bag some thirty minutes before they had served the search warrant was illegally obtained, and was not admissible in evidence. And there being no other evidence offered against the defendant, he was entitled to the peremptory instruction as requested.

Reversed and judgment here for the appellant.

*McGehee, C. J.,* and *Hall, Lee,* and *Holmes, JJ.,* concur.