BROWN *v.* STATE

No. 39581          February 7, 1955          77 So. 2d 694

864

*W. M. Broome,* Crystal Springs; *Arrington & Arrington,* Hazlehurst, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Hayden Brown, was convicted in the Circuit Court of Copiah County of the unlawful possession of intoxicating liquors, and was sentenced for a second offense. Miss. Code 1942, Sec. 2613 (b).

On September 26, 1953, Mayor J. A. Steen of Georgetown in Copiah County, Sheriff Stevens and Deputy Sheriff Bufkin obtained a search warrant to search the residence and surrounding premises of Brown. In the front of the house was a cafe, and in the rear were his living quarters. The three officers drove up to the place, and Sheriff Stevens went into the front door, the cafe part, to serve the search warrant. He served it upon a woman who was in charge of the cafe and premises. Steen and Bufkin proceeded around to the rear of the premises without going inside the building. It was about 9 o'clock at night, and from the darkness they saw Brown hand a can of beer to one of several men standing around a small car port at the back of the building. Steen walked over to a large tub nearby and removed from it a tarpaulin half covering it. The tub contained ice and beer. Next to it was a gallon jug of whiskey. When he saw the officers, Brown grabbed the jug and ran across his yard to the front of his place, and threw

it on the other side of the street. At that time Steen caught Brown and arrested him. Steen testified that Sheriff Stevens "then came out of the back door," and that the officers thereupon went across the street and picked up the jug of whiskey which Brown had thrown.

██ █ The record was ample to support the verdict and judgment of conviction of appellant for unlawful possession. ██ █ Appellant contends that the evidence shows that the whiskey was found by Steen and Bufkin and the search was made by them before Sheriff Stevens served the search warrant upon the woman in charge of the cafe, and that therefore the search was invalid under Burgess v. State, 217 Miss. 746, 65 So. 2d 260 (1953). Although evidence gained by use of the search warrant was objected to by defendant at the trial for other reasons, this ground of objection was not made to the circuit court. Moreover, it has no merit. Stevens went directly in the front door after the officers drove up to the place and served the search warrant on the woman who operated the place and "who was in charge of the house." That is undisputed on this record. ██ █ Appellant also says that it was the obligation of Sheriff Stevens to search the premises to see if the owner, Brown, was present before he served the search warrant on anyone else. Code Section 2614 provides that a copy of the search warrant "shall be served on the owner or person in possession if such person be present or readily found." It is not necessary for an officer to search the entire premises for the owner and to ascertain first whether the owner is anywhere on the premises, before he can properly serve it upon a person in possession of the premises, as was the woman operating the business here. She was the person in possession of the premises and in the front of the building where business was being transacted. The fact that appellant might have been in the back yard, unknown to Sheriff Stevens, does not vitiate the service. It was made in accordance with Section 2614.

██ ██ Defendant offered no evidence. At the close of the State's case, the court reporter's transcript shows that "in chambers" defendant's attorney made to the court a lengthy motion to exclude the State's evidence and to direct a verdict for defendant. The court overruled that motion. Appellant argues that because the court heard "in chambers" his motion for a directed verdict, he was denied his right under Mississippi Constitution, Sec. 26, to a "public trial by an impartial jury . . . ''; that since this motion was heard and overruled in chambers his trial was not public; that this constitutional right is absolute and cannot be waived by a defendant; and that appellant does not have to show any prejudice to him in order for this action of the trial court to constitute reversible error. All of the evidence was presented to the court and jury in open court. Appellant complains only about the court hearing in chambers his motion for a directed verdict. Appellant in nowise objected to this procedure, and, in fact, actively participated therein by initiating his motion in chambers. Manifestly there was no prejudice to appellant. Since appellant actively participated in the hearing in chambers, we think that he waived any right to complain of that procedure. 14 Am. Jur., Criminal Law, Sec. 143; 23 C. J. S., Criminal Law, Sec. 963, p. 289; Anno., 156 A. L. R. 265, 294 (1945) ; Cf. Carter v. State, 100 Miss. 342, 345, 56 So. 454 (1911); Hollis v. State, 74 So. 2d 747 (Miss. 1954). However, in other cases with different circumstances a hearing by the court in chambers might result in reversible error. ██ ██ The better practice would be for the trial judge to retire the jury and for him to remain in the courtroom to hear and pass upon the motion. ██ ██ The public has a substantial interest in the public nature of a trial.

██ ██ Despite the foregoing conclusions, the case must be reversed because the evidence was not sufficient to show a prior conviction in 1952 which would support the conviction and sentence of appellant for a second offense

under Section 2613 (b). To support the charge of a prior conviction, the State offered as a witness a justice of the peace of Copiah County, who identified his docket. The State claims that this docket shows a conviction of appellant on July 19, 1952, for the possession of intoxicating liquor. The docket reflects that a search warrant was served on Brown and that the sheriff executed it by searching the premises and seizing 11½ cases of beer and 1½ pints of whiskey "in possession" of Brown. The return states "Allean Herron claimed possession of the whiskey." The docket shows that Brown was charged with "possessing intoxicating liquor." However, the judgment on the justice of the peace docket is as follows: "This cause coming on for hearing and both defendants pleading guilty as charged: to wit: Hayden Brown claimed he owned the beer Ellean claimed she owned the unlabeled whiskey they were fined $100.00 each and were to pay ½ of fine today: released on bond and are to pay the remainder within 30 days." The best evidence of a previous conviction is the judgment of conviction. Outlaw v. State, 208 Miss. 13, 43 So. 2d 661 (1949); Vincent v. State, 200 Miss. 423, 27 So. 2d 556 (1946).

The judgment of the justice of the peace showed that Brown pleaded guilty only to owning the beer and that Allean pleaded guilty to owning the whiskey. It is true that the judgment states in general terms that both defendants pleaded guilty as charged, but it is then succeeded by the word "to wit," following which it is stated that Brown pleaded guilty only to possession of the beer. The word "to wit" means "to call attention to a more particular specification of what has preceded." In other words, the judgment shows that, when these parties were brought before the justice of the peace, Brown said that the beer was his and Allean said that the whiskey was hers. The justice, in writing up his judgment, shows affirmatively that appellant pleaded guilty only to possession of beer. But the possession of beer, not shown to be of an alcoholic content greater than four per centum

by weight, is not a crime. Hoyle v. State, 216 Miss. 330, 62 So. 2d 380 (1953). ██ █ Hence the 1952 judgment is not sufficient to show a prior conviction of the unlawful possession of intoxicating liquor.

██ █ A possible alternative to a reversal would be that we could affirm appellant's conviction for a first offense, and remand the case for proper sentence. However, this procedure in a case of this type has been rejected in several instances. The reasons are well set forth in Millwood v. State, 190 Miss. 750, 758, 1 So. 2d 582 (1941), in the concurring opinion of Judge Alexander, as follows: ". . . it is apparent that if the defendant is considered as having been convicted of a constituent misdemeanor it will be seen that he was convicted upon testimony which was inadmissible and highly prejudicial. Two former convictions for the sale of intoxicating liquor were proved by the state. Regardless of how appropriate such evidence would be in a proper prosecution under paragraph (c), it was so improper and prejudicial under a prosecution as for a first offense that this Court ought to take notice thereof." To the same effect are Singletary v. State, 4 So. 2d 234 (Miss. 1941), and Trivillion v. State, 195 Miss. 308, 15 So. 2d 285 (1943), which is similar to the present case.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Lee* and *Holmes, JJ.,* concur.