328 So.2d 353 (1976)
Jerry BARTON
v.
STATE of Mississippi.
No. 48880.
Supreme Court of Mississippi.
March 9, 1976.
Constance I. Slaughter, Forest, for appellant.
A.F. Summer, Atty. Gen., by Vera M. Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
GILLESPIE, Chief Justice:
Jerry Barton was convicted in the Circuit Court of Scott County of possessing more than an ounce of marijuana and sentenced to a term in the penitentiary.
The marijuana was found by the officers in an automobile occupied by defendant. The question is whether the highway patrolman had probable cause to stop and search the automobile under the following circumstances.[1]
*354 Patrolman Spears heard over his patrol car radio a broadcast from the dispatcher of the Meridian office of the Highway Patrol that a 1966 Ford automobile, white over red, with a certain tag number, was proceeding east on I-20 to Forest, occupied by a white female and two white males, and that marijuana was supposed to be in the automobile. No other information was contained in the dispatch.
After Patrolman Spears received the radio dispatch, he drove to the Forest exit on I-20 and parked. In about fifteen minutes, he saw an automobile that fitted the description given in the radio dispatch traveling east on I-20. Spears pulled onto the highway and began following the white over red 1966 Ford which took the Forest exit. Spears turned on his lights and siren and stopped the Ford automobile as it turned north on Highway 35. As he approached the automobile Spears saw beer cans inside and what he believed to be marijuana on the seat. Another officer arrived and the Ford automobile, driven by Donna Blackwell and occupied by defendant and another white male, was searched. No permission was asked or given to search the automobile. Less than one ounce of marijuana was found under the front seat and about a pound in the trunk.
The State bases its argument that the search was lawful on the ground that Patrolman Spears had probable cause to believe that the automobile contained contraband (marijuana), and, therefore, was justified in stopping and searching the automobile. The State's argument is that under Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962), the radio broadcast heard by Patrolman Spears was an official dispatch, was presumed to be authentic, and was, therefore, sufficient to constitute probable cause. The State also relies upon the Carroll doctrine, originating in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), which was reaffirmed in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), and followed by this Court in Hall v. State, 288 So.2d 850 (Miss. 1974), and Wolf v. State, 260 So.2d 425 (Miss. 1972).
The rule that official dispatches are presumed to be authentic is not the equivalent of saying that probable cause is established by showing that an officer receives an official dispatch that a certain described vehicle contains contraband. Nor does the Carroll doctrine aid in solving the probable cause problem. The Carroll doctrine comes into play only after probable cause has been established. In the present case, the Carroll doctrine would permit the search if probable cause had been established. A search warrant could not have been obtained in the few minutes that elapsed between the radio dispatch and the arrival of the suspected automobile. Undoubtedly the circumstances were exigent.
On the probable cause question to search an automobile without a warrant, the standards are substantially the same as those required for a search warrant. Whitley v. Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).
Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), followed by O'Bean v. State, 184 So.2d 635 (Miss. 1966), requires that probable cause must be established by showing (1) that the informer was reliable and (2) the informer must have obtained his knowledge by personal observation or in some other dependable manner rather than through casual rumor. In the present case, the informer of Spears was the Highway Patrol dispatcher, and since official dispatches are presumed to be correct, the informer was reliable. But there is no showing where or how the official dispatcher (Spears' informer) obtained the information that the automobile in question had contraband in it. There was a total failure to supply the basis-of-knowledge test required by Aguilar. Therefore, we hold that the search conducted by the officers was invalid, and the evidence seized as a result of the invalid *355 search was inadmissible. The peremptory instruction should have been given.
While the State's case is based principally on the proposition that the information given Officer Spears was sufficient to constitute probable cause because it was an official police dispatch, the Court has also considered the question of whether the information was sufficiently detailed so as to be self-verifying to justify a search under Joyce v. State, 327 So.2d 255 decided by this Court on January 6, 1976. In Joyce, among other circumstances, it was shown that the officer was told that sixty pounds of marijuana would arrive at the Jackson Municipal Airport from Phoenix, Arizona, and that a Larry Wann would meet a subject at the airport around four or five p.m. Thus, it can be seen that the information in Joyce, in addition to being more detailed, was sufficient to apprise the officers that a felony was being committed. This is not so in the present case.
This case is distinguishable from Fuqua v. State, supra, where the official dispatch gave information of the existence of a felony warrant, and cases similar to Singletary v. State, 318 So.2d 873 (1975), where officers had information insufficient to establish probable cause but sufficient to justify an investigative stop.
REVERSED AND DEFENDANT DISCHARGED.
RODGERS, P.J., and PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.
SUGG, J., dissents.
SUGG, Justice (dissenting):
I dissent because, in my opinion, the defendant should not be discharged but the cause should be remanded for another trial.
I agree with the majority that the state should have shown the source of information of the radio dispatcher who broadcast the radio message which resulted in the search of the vehicle in which defendant was riding.
The validity of the search was raised on a motion to suppress and the motion was denied; therefore, the state had a right to rely on the ruling of the circuit judge and should be given an opportunity to present the matter again so that it can show the source of information which resulted in the radio broadcast.
NOTES
[1] The ruling on the admissibility of the evidence was made pursuant to a motion to suppress and the ruling thereon was made by the predecessor of the circuit judge who tried the case.