UNITED STATES of America,
Plaintiff-Appellee,

v.

Luis Oscar SARMIENTO–PEREZ,
Defendant-Appellant.

No. 81–2207
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1982.

Arthur Addess, Miami, Fla., for defendant-appellant.

John Potter, Asst. U. S. Atty., Houston, Tex., for the U. S.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Luis Oscar Sarmiento-Perez was convicted of one count of conspiring to possess cocaine with intent to distribute and two counts of distributing cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We reversed his conviction because of a trial error and remanded for a new trial. *United States v. Sarmiento-Perez*, 633 F.2d 1092 (5th Cir. 1981). On remand, Sarmiento-Perez moved for a dismissal on grounds of double jeopardy. The trial court denied the motion and this appeal, one we may appropriately consider, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), followed. We affirm.

The pertinent facts are set forth in detail in our earlier opinion reversing the conviction. We found that the trial court erred in admitting into evidence a written confession of a co-conspirator which implicated Sarmiento-Perez. We are now admonished to interpret this opinion as effectively ruling that the evidence, dehors the inadmissible statement, was insufficient to sustain his conviction. This contention is not supported by our opinion. Any doubt in that regard is dissipated when one considers that Sarmiento-Perez raised the same issue in his application for rehearing after our earlier opinion. We rejected that application.

We are fully cognizant that under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the double jeopardy clause prohibits re-trial of a defendant whose conviction is reversed on a finding that insufficient evidence exists to support the conviction. However, upon reversal for a trial error, such as the introduction of inadmissible evidence, no decision has been made on the sufficiency of the evidence. Such a decision

implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect .... When this occurs, the ac-

cused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

437 U.S. at 15, 98 S.Ct. at 2149. *See United States v. Goss*, 650 F.2d 1336, 1341 n.2 (5th Cir. 1981).

We are equally cognizant that the Supreme Court rendered its decision in *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), contemporaneously with *Burks v. United States. Greene v. Massey* presented a situation somewhat analogous to the question appellant poses today. The Court reviewed an opinion of the Florida Supreme Court in which three justices in the majority appeared to reverse a conviction based on evidentiary insufficiency, while three concurring justices appeared to base their holding on trial error. The Court noted:

> When the concurrence is considered in light of the language of the *per curiam* opinion, it could reasonably be said that the concurring justices thought that the legally *competent* evidence adduced at the first trial was insufficient to prove guilt. That is, they were of the opinion that once the inadmissible hearsay evidence was discounted, there was insufficient evidence to permit the jury to convict.

437 U.S. at 26, 98 S.Ct. at 2155. The Court footnoted this observation with the comment: "We express no opinion as to the double jeopardy implications of a retrial following such a holding." *Id.* at 26 n.9, 98 S.Ct. at 2155.

Prior to *Greene v. Massey* we addressed this question and resolved it contrary to appellant's contention. In *United States v. Houltin*, 566 F.2d 1027 (5th Cir. 1978), *cert. denied*, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 118 (1978), we rejected a claim of double jeopardy following a reversal because of the use of inadmissible evidence. We stated:

> Defendants' second contention is that the Double Jeopardy Clause of the fifth amendment prevents their retrial because the entire evidence used to convict them resulted from illegal wiretaps. Thus, according to defendants, our previous reversal of their convictions because of these wiretaps was a finding of insufficiency of the evidence and we should have remanded their case with directions to dismiss the indictment.

566 F.2d at 1033. We rejected this contention holding that:

> we grounded the reversal . . . upon a procedural defect in the trial court—the admission of evidence resulting from the illegal wiretaps . . . .
>
> It is axiomatic that the fifth amendment Double Jeopardy Clause does not prohibit the Government from retrying a defendant whose conviction has been set aside on procedural grounds.

*Id.* at 1034.

Since *Greene v. Massey*, we have reversed convictions for introduction of inadmissible evidence and remanded for new trial even when the only evidence in the record on an essential element was that excluded. Such a reversal was considered a reversal for a trial error. *See, e.g., United States v. Williams*, 661 F.2d 528 (5th Cir. 1981). In *Williams*, we found inadmissible the only evidence offered of value of the property involved, an essential element in that prosecution. Nonetheless, we remanded for retrial. Because we cannot know what evidence might have been offered if the evidence improperly admitted had been originally excluded by the trial judge, we have concluded that such situations do not present instances of evidentiary insufficiency. Accordingly, after reversal, the matters should be remanded for new trial. We are bound to determinations of prior panels of this court. Only the court sitting en banc has the prerogative to ignore or hold for naught an earlier panel decision.

The law of this circuit being well established, our decision is mandated. The earlier reversal of the conviction of Sarmiento-Perez was based on trial error and the matter was properly remanded for new trial. The double jeopardy clause does not prevent this retrial.

The decision of the district court is AFFIRMED.