453 So.2d 1030 (1984)
Michael Joseph DeBussi
v.
STATE of Mississippi.
No. 54303.
Supreme Court of Mississippi.
August 8, 1984.
*1031 Kellis Madison, Pearl, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the court:
Michael Joseph DeBussi was convicted of armed robbery and as an habitual criminal pursuant to Mississippi Code Annotated § 99-19-81 (Supp. 1983), in the Circuit Court of the First Judicial District of Hinds County, Mississippi. He was sentenced to a term of forty-four (44) years without benefit of parole, probation, reduction or suspension of sentence. DeBussi appeals only the sentencing phase of his trial.
Upon the conclusion of the guilt phase of the trial in which the jury found DeBussi guilty but could not agree upon sentencing, the trial court, sitting without a jury, held a hearing to determine if DeBussi should be sentenced as a habitual criminal. It was stipulated that for sentencing purposes DeBussi's life expectancy was forty-five (45) years.
The only evidence produced by the state to show that DeBussi qualified for enhanced sentencing as a habitual offender consisted of two Inmate Identification Worksheets taken from a packet of records of the Arizona Department of Corrections which were verified as true and correct copies by the Correctional Records Administrator in a notarized cover letter. These exhibits were introduced by the assistant district attorney and not through any witness. Over objection, the Worksheets were admitted into evidence. DeBussi offered no evidence and he was then sentenced as an habitual offender under § 99-19-81 (Supp. 1983), to a term of 44 years, not beyond his reasonable life expectancy but without the possibility of parole, probation, reduction or suspension of sentence.

WAS IT ERROR TO ADMIT THE ARIZONA INMATE IDENTIFICATION WORKSHEETS TO PROVE THE PRIOR FELONY CONVICTIONS IN THE HABITUAL OFFENDER SENTENCING HEARING?
Mississippi's position on proof of prior convictions respects the substance of the best evidence rule: If the actual judgment of conviction is not introduced, it may only be proved by documents accorded equivalent evidentiary weight by statute.
We have regularly upheld sentences under the habitual criminal statutes where the proof of prior convictions was made by certified copies of the judgments of conviction. Baker v. State, 394 So.2d 1376 (Miss. 1981); Jackson v. State, 418 So.2d 827 (Miss. 1982); Crawley v. State, 423 So.2d 128 (Miss. 1982). This accords with the basic principle that the best evidence of a conviction is the judgment of conviction. McGowan v. State, 269 So.2d 645 (Miss. 1972); Brown v. State, 222 Miss. 863, 77 So.2d 694 (1955).
A summary of the court records certified by the trial judge has been admitted as proof of a prior conviction. In Lovelace v. State, 410 So.2d 876 (Miss. 1982), the summary was in the form of an abstract of court records certified by the justice court judge as a true copy of his court records. This Court affirmed, 410 So.2d at 878, citing Vincent v. State, 200 Miss. 423, 27 So.2d 556 (1956), where evidence of a prior conviction was held to be competently shown by a copy of the docket entries covering the conviction, certified by the justice of the peace before whom the prior conviction was held. In both cases this Court relied on Mississippi Code Annotated § 13-1-77 (1972), authorizing a state custodian of public records to certify copies of his records to be received in evidence in all cases where the original would be evidence. These cases appear to treat a summary showing conviction the same as a judgment of conviction because they are certified by *1032 the trial judge who has custody of the original records.
The only other documentary evidence that this Court has sanctioned as a substitute for the judgment of conviction is the commitment paper issued by the circuit clerk of the court where the defendant was convicted. Pace v. State, 407 So.2d 530 (Miss. 1981). In Pace, the Custodian of Records of Mississippi State Penitentiary took the stand and identified Pace's original prison file. In addition to the original commitment papers for Pace's prior convictions, photographs and summary sheets from the prison files were introduced in evidence.
Pace argued on appeal that the commitment papers were not the best evidence of conviction. This Court held that, because a commitment paper issued by the circuit clerk pursuant to Mississippi Code Annotated § 99-19-45 (1972) constitutes statutory authority to transfer a prisoner to the penitentiary and for the penitentiary to accept the prisoner, the statute effectively makes a commitment paper evidence of conviction.
Certainly, if a commitment paper is sufficient to authorize the penitentiary officials to receive and imprison the person named therein for service of the sentence shown, it is admissible in court as evidence of the conviction of such person without the necessity of introducing the judgment of conviction.
407 So.2d at 534.
There is no discussion in Pace on whether a prisoner summary sheet, standing alone, would likewise be competent evidence of a judgment of conviction. However, this Court has approved substitute documents to show convictions only when by statute they possess an authority equivalent to that of the original judgment of conviction.
The Arizona inmate worksheets lack the required authority to substitute for a judgment of conviction. In the cover letter, the Arizona Correctional Records Administrator stated that they were provided in accordance with ARS § 41-1604 B 2 (e) (Supp. 1983). This section concerns administrative authority to transfer prisoners between penal institutions. The worksheets themselves lack any indication of authority on their face or certification that the information from court documents was correctly transcribed.
In no case before has this Court sanctioned proof of prior convictions by evidence so plainly secondary and unverified as these worksheets. Even where, as here, the prior convictions occurred out of state, the Mississippi cases show that certified copies of court records were offered as proof. See Jackson v. State, 381 So.2d 1040 (Miss. 1980) (Alabama convictions); Baker v. State, 394 So.2d 1376 (Miss. 1981) (Oklahoma convictions). Requiring the best evidence of prior convictions reduces the potential for error in the abbreviated setting of Mississippi's habitual criminal sentencing hearing. See Seely v. State, 451 So.2d 213, 214 (1984).
We conclude that it was error to admit into evidence State's Exhibit 4, pages 2 and 3, which constitute the only evidence offered by the state of DeBussi's eligibility for enhanced sentencing as an habitual offender.
The issue then becomes whether the state has the right to a second chance at proving the status of DeBussi as opposed to his right not to be twice placed in jeopardy.
The Mississippi Double Jeopardy Clause, Mississippi Constitution § 22 (1890), was recently applied by this Court to a capital sentencing proceeding. Dycus v. State, 440 So.2d 246, 258 (Miss. 1983). Our habitual offender sentencing procedure resembles in all relevant respects the sentencing phase of capital crimes. A separate trial is conducted on the sentencing issue. Cf. § 99-19-101 (Supp. 1983) with Mississippi Uniform Criminal Rule 6.04(2). The state is required to prove the defendant guilty of additional facts which justify the sentence sought to be imposed. Cf. § 99-19-101 with §§ 99-19-81 to-83. The state's burden of proof is beyond a reasonable doubt. Cf. Wheat v. State, 420 So.2d *1033 229, 241 (Miss. 1982), with Wilson v. State, 395 So.2d 957, 960 (Miss. 1981). Finally, the statutes permit little or no sentencing discretion in either proceeding. The alternatives in a capital sentencing trial are death or life imprisonment, and the jury is guided by specific statutory standards as to which should apply. Under Mississippi's habitual offender's statutes, if the convictions be properly proven the trial court has not alternative but to impose the sentence prescribed in the statute. The habitual offender sentencing hearing, like the capital sentencing hearing, is itself a trial on eligibility for a harsher sentence, and therefore constitutes jeopardy. See Cooper v. State, 631 S.W.2d 508, 513-514 (Tex. Crim. App. 1982); People v. Quintana, 634 P.2d 413, 419 (Colo. 1981); State v. Hennings, 100 Wash.2d 379, 670 P.2d 256, 260 (Wash. 1983).
As a general rule a distinction is made in double jeopardy cases between reversal for trial error and reversal on sufficiency of the evidence. As stated in Burks v. United States, 437 U.S. 1, 15-16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978), reversal for trial error
... is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, ... . When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.
... .
The same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.
In Tapp v. State, 373 So.2d 1029, 1031 (Miss. 1979), this Court followed Burks in holding that its reversal of defendant's prior conviction in an earlier appeal (347 So.2d 974) was based on trial error and thus re-prosecution was not barred by the double jeopardy clause. In an appeal of Tapp's habeas corpus petition the Fifth Circuit deferred to this ruling. Tapp v. Lucas, 658 F.2d 383 (5th Cir.1981).
A question left open by the companion case to Burks, Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed. 15 (1978), is whether double jeopardy would bar re-prosecution when there would be insufficient evidence to support conviction once the inadmissible evidence is discounted. Id. at 26, n. 9, 98 S.Ct. at 2155, n. 9.
This question was decided in the Fifth Circuit in United States v. Sarmiento-Perez, 667 F.2d 1239 (5th Cir.1982). The court held that reversal for trial error does not bar re-prosecution even where it found inadmissible the only evidence of essential elements of the crime. The court said,
Because we cannot know what evidence might have been offered if the evidence improperly admitted had been originally excluded by the trial judge, we have concluded that such situations do not present instances of evidentiary insufficiency.
Id. at 1240.
In this case, to exclude the worksheets does not merely leave out essential elements of the charge, as in Sarmiento-Perez, it eliminates the state's case completely. Except for the inmate worksheets, the state offered no other evidence to prove its case.
The question thus is whether double jeopardy would prohibit resentencing where no evidence was offered to support the conviction apart from the inadmissible evidence.
Mississippi law requires the discharge of the defendant in cases where there is no evidence to support the conviction apart from the evidence erroneously admitted by the trial court.
In Barton v. State, 328 So.2d 353, 354 (Miss. 1976), this Court held that a patrolman lacked probable cause to search the defendant's automobile based on an unsubstantiated broadcaster's dispatch and that *1034 the marijuana seized as a result of the invalid search was inadmissible. This Court ruled that a peremptory instruction should have been granted, reversed the conviction, and discharged the defendant. Id. at 355. As noted in the dissent, this Court refused to give the state a second opportunity to present the matter again to show the source of the information on which the radio broadcast was based.
In Canning v. State, 226 So.2d 747, 754 (Miss. 1969), this Court held that there was no evidence connecting the defendant with marijuana found in a room she attempted to enter other than microscopic fibers found on her clothing seized after an unlawful arrest. Having excluded all the state's evidence, the Court dismissed the case and discharged the defendant.
It follows from these cases that reversing DeBussi's sentence for a trial error which excluded all of the evidence offered by the state would require that the habitual offender portion of his sentence (no parole or probation) be vacated. This is so even though, as in Barton, the state could possibly cure the trial error if it were given a second opportunity.
The essence of the double jeopardy prohibition is to limit the state to one fair opportunity to offer what proof it could assemble. The double jeopardy clause, as stated in Tibbs v. Florida, 457 U.S. 31, 41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982),
... prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance.
The state has had one opportunity to prove DeBussi's eligibility for an enhanced sentence. The proof was defective because of the state's failure to comply with the best evidence rule. Thus the state has technically not had an opportunity to present the case to the judge free of error.
However, it is only in the most technical and formal sense that DeBussi would not be subjected to double jeopardy. The practical effect of remanding the case for a rehearing because of evidentiary error is to put DeBussi on trial a second time to face completely new evidence to prove the same charge.
We, therefore, hold that where there is no evidence to support a conviction apart from the evidence erroneously admitted by the trial court that the Mississippi Double Jeopardy Clause precludes the state from having a second chance to establish DeBussi's habitual offender status. Under these circumstances, DeBussi cannot be sentenced as an habitual offender under Mississippi Code Annotated § 99-19-81 (Supp. 1983).
How then may he be sentenced? Under our armed robbery statute, Mississippi Code Annotated § 97-3-79 (1972), he may not be sentenced to a term of less than three years. The law is settled that DeBussi may be sentenced for a definite term reasonably expected to be less than life. Stewart v. State, 372 So.2d 257 (Miss. 1979); Arrington v. State, 411 So.2d 779 (Miss. 1982).
The forty-four (44) year sentence, once the impermissible enhancement is removed, is thus both statutorily and constitutionally permissible, and within the sound discretion of the judge.
We reverse the trial court on its finding that the appellant is an habitual criminal and further reverse his enhanced sentence which denied him the benefit of parole, probation, reduction or suspension of sentence. The sentence of forty-four years in the custody of the Department of Corrections is affirmed.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., not participating.