## IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 95-KA-01219 COA

**KEFUS HENDERSON**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                     **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/95 |
| TRIAL JUDGE: | HON. MARCUS GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND PHILLIPS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLEN WATTS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | POSSESSION OF A FIREARM BY A CONVICTED FELON; SENTENCED TO 3 YRS IN PRISON AS AN HABITUAL OFFENDER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 9/23/97 |
| MOTION FOR REHEARING FILED: | 10/6/97 |
| CERTIORARI FILED: | 12/1/97 |
| MANDATE ISSUED: | 3/18/98 |

BEFORE THOMAS, P.J., HERRING, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Kefus Henderson was convicted of possession of a firearm by a convicted felon and sentenced as an habitual offender. Henderson challenges the enhancement of his sentence on the basis of the following issues: (1) the trial court erred in finding that Henderson had been convicted of two felony offenses arising out of separate incidents at different times as required by the statute; (2) the primary part of the indictment was not and could not be amended to correct a fundamental error describing

the underlying conviction; and (3) the trial court erred when it sentenced Henderson as an habitual offender pursuant to Miss. Code Ann. § 99-19-81 (Rev. 1994), because the habitual offender portion of the indictment followed the phrase "against the peace and dignity of the state." We find that the State failed to prove beyond a reasonable doubt that Henderson had been convicted of two felony offenses arising out of separate incidents at different times and reverse for resentencing in accordance with this opinion.

## FACTS

Henderson was indicted for possession of a firearm by a convicted felon as an habitual offender. On the day of trial, the prosecution moved to amend the habitual portion of the indictment because it was discovered that Henderson's prior convictions were for "possession" of cocaine rather than "sale" of cocaine as stated in the indictment. The trial court allowed the amendments by interlineation, finding that the amendments were of form and not substance. The interlineations were made only to the second page of the indictment, the habitual offender portion. Both pages of the indictment concluded with the phrase "against the peace and dignity of the State of Mississippi." An order was entered and placed in the record approving the amendment.

Henderson was convicted of possession of a firearm by a convicted felon and sentenced to serve three years and pay a fine of $5,000. Henderson was sentenced as an habitual offender; therefore, he received the maximum sentence without benefit of parole, suspension or reduction of sentence pursuant to Miss. Code Ann. § 99-19-81 (Rev. 1994).

## DISCUSSION

*1. Separate Incidents at Different Times*

This court reviews the sufficiency of the evidence in the "light most favorable to the State." *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993. The State is "given the benefit of all favorable inferences that may be reasonably drawn from the evidence." *Id.* The Mississippi Code provides:

[E]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 1994). The State has the burden of proving all elements of its case beyond a reasonable doubt, including the additional facts which justify sentencing as an habitual offender. *Debussi v. State*, 453 So. 2d 1030, 1032 (Miss. 1984). A hearing is required for sentencing under the recidivist statutes. At this hearing, the State must prove, beyond a reasonable doubt, that the defendant meets the requirements for sentencing as an habitual offender. The proof must include a showing that the records of prior convictions are accurate and that they fulfill the requirements of Miss. Code Ann. § 99-19-81 (Rev. 1994). *Phillips v. State*, 421 So. 2d 476, 481 (Miss. 1982).

The relevant question posed by this statute, as it relates to this case, is whether Henderson was convicted twice previously of felonies "arising out of separate incidents at different times." Prior convictions arising out of incidents occurring on the same day may nevertheless be "separate incidents at different times" within the meaning of Miss. Code Ann. § 99-19-81 (Rev. 1994). *Pittman v. State*, 570 So. 2d 1205, 1207 (Miss. 1990). At Henderson's habitual offender hearing, the State entered the Judgment on Guilty Plea and two commitment orders into evidence. The Judgment on Guilty Plea stated: "the Defendant entered a plea of guilty of possession of cocaine, two counts." The commitment order for count I described the crimes as follows: "did willfully, unlawfully, feloniously and knowingly sell and deliver to Gordon Parker for the sum of $20 a schedule II controlled substance, namely in Neshoba County, Mississippi." The commitment order for count II used the same language except that in place of $20, the sum of $30 was stated. The sentences imposed for each count were stated to run concurrently. No other evidence of Henderson's prior convictions was offered by either party at trial.

Giving to the State the benefit of all favorable inferences, this evidence solely allows a conclusion that Henderson sold to the same person two different quantities of cocaine, one costing $20 and one costing $30. In order for that information to allow an enhanced sentence, it must permit a finding that two "separate incidents at different times" occurred. Miss. Code Ann. § 99-19-81 (Rev. 1994).

There is no evidence that the sales occurred at different times, much less on different days. In fact, the State points us to the trial court rules that two offenses may be made separate counts in the same indictment if "the offenses are based on the same act or transaction." UCCCR 7.07A(1). Had sale of these two quantities of cocaine been made separate counts because they were based on the "same transaction act or transaction," which the State would have been entitled to do, then this conviction on two counts could not be the basis for an enhanced sentence under Section 99-18-81.

The State is entitled to all reasonable inferences, but it is not entitled to have a court speculate. Since Henderson may have been convicted on the two counts because of one act or transaction, and the State made no effort to explain at the sentencing hearing, we must reverse and remand for resentencing.

The next step is to determine whether the State may present additional evidence at the resentencing hearing in order to meet its burden of proof under the enhancement statute. This presents a double jeopardy question. The Mississippi Double Jeopardy Clause, Mississippi Constitution Art. 3 § 22 (1890), has been held to apply to habitual offender sentencing. *Debussi v. State*, 453 So. 2d 1030, 1033 (Miss. 1984). The prohibition against double jeopardy is designed to limit the state to one fair opportunity to offer all of the proof it can assemble. *Id.* In *Debussi*, the proof offered by the State was defective, amounting to a complete lack of evidence to support the habitual offender portion of the sentence. *Id.* The supreme court noted that despite the fact that in a technical sense the State had not been afforded an opportunity to present evidence that was error free, the practical effect of remanding the case and allowing the State to present new evidence would be to subject Debussi to a second trial for the same charge. *Id. Accord, Cox v. State*, 586 So. 2d 761, 768 (Miss. 1991).

In the case under consideration, the State presented evidence to support Henderson's prior convictions, but the proof presented is insufficient to comply with the recidivist statute. The reasoning of *Debussi* is applicable here because of the double jeopardy issue. Because there is

insufficient evidence to support a finding beyond a reasonable doubt that Henderson was an habitual offender, and the State may not offer additional evidence without violating the double jeopardy prohibition, the trial court on remand may not resentence Henderson as an habitual offender.

*2. Amendment of Primary Part of Indictment*

The issue, concerning an error in the habitual offender section of the indictment is moot because of the resolution of the preceding issue.

*3. Concluding phrase of Indictments*

The final argument would cause the whole indictment to be fatally defective and require a dismissal. This we address now. The habitual offender portion of the indictment came after the concluding phrase of the indictment. The supreme court has frequently upheld the constitutional, even if technical, requirement that all indictments begin with "State of Mississippi" and conclude with "against the peace and dignity of the State." *McNeal v. State,* 658 So. 2d 1345, 1350 (Miss. 1995). In the case under consideration, the indictment was a two page indictment and both pages concluded with the statutory "dignity" language. The supreme court has held that an attachment can be made part of the indictment by reference and does not have to conclude with the phrase. *Earl v. State*, 672 So. 2d 1240 (Miss. 1996). This indictment presents even less of an issue because both pages conclude with the required language. A defendant being told halfway through an indictment that his actions were "against the peace and dignity of the State" does not render the indictment defective, if the defendant is reminded of this fact at the end as well.

**THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION FOR POSSESSION OF A FIREARM BY A CONVICTED FELON IS AFFIRMED; THE SENTENCE IS REVERSED AND THE CAUSE IS REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST NESHOBA COUNTY.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**

**MCMILLIN, P.J., NOT PARTICIPATING.**