IRVING, P.J.,
for the Court:
¶ 1. In 2000, Carlos Taylor was convicted of statutory rape and selling marijuana. While serving time for those offenses, Taylor was convicted of possessing marijuana in a correctional facility. The LeFlore County Circuit Court subsequently sentenced Taylor as a habitual offender to life in the custody of the Mississippi Department of Corrections, without eligibility for parole or probation. The circuit court determined that Taylor qualified under Mississippi Code Annotated section 99-19-83 (Rev.2007) as a habitual offender because he had previously been convicted of statutory rape, which the court found to be a crime of violence. Unhappy with that determination, Taylor appeals and asserts that his life sentence is disproportionate to his crime and that the circuit court erred in finding that his prior conviction for statutory rape constitutes a crime of violence.
¶ 2. We find that statutory rape is a per se crime of violence in Mississippi and that Taylor’s sentence is proper; therefore, we affirm the judgment of the circuit court.
FACTS
¶ 3. On November 16, 2007, Taylor was incarcerated at the Delta Correctional Facility in Greenwood, Mississippi. Taylor had finished receiving visitors for a one-hour visitation and was being strip-searched by Officer Tyrone Banks before returning to his cell. During the search, Officer Banks observed a plastic bag in Taylor’s hand. Taylor refused to relinquish possession of the bag and instead attempted to run from the room. After warning Taylor, Officer Banks sprayed him with pepper spray. Taylor ignored the spray and ran into the visitation room, where he entered the visitor’s restroom and attempted to flush the bag that had been in his hand down the toilet. Officer Banks subdued Taylor, and other officers recovered the bag’s contents and a twenty-dollar bill from the toilet. Later testing confirmed that approximately 14.3 grams of marijuana were recovered from the toilet.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Taylor claims that the circuit court erred in finding that his conviction for statutory rape constitutes a prior conviction of a violent crime; Taylor also contends that his sentence is disproportionate to his crime. Both of these contentions involve questions of law; therefore, our standard of review is de novo. Valmain v. State, 5 So.3d 1079, 1082 (¶ 9) (Miss.2009) (citing DeLoach v. State, 722 So.2d 512, 518 (¶ 25) (Miss.1998)).
¶ 6. Taylor was sentenced under section 99-19-83, which mandates a life sentence when a defendant has two prior convictions on which he has served at least a year, one of which is “a crime of violence.” Taylor contends that his prior conviction for statutory rape was not proven to be a crime of violence; on the other hand, the State contends that statutory rape is a per se crime of violence.
¶ 7. Taylor relies on Hughes v. State, 892 So.2d 203 (Miss.2004) to support his contention that statutory rape is not necessarily a crime of violence. In Hughes, William Ray Hughes had a prior conviction for the statutory rape of a seven-year-old child; Hughes was nineteen years old at the time of the rape. Id. at 211 (¶ 19). The Hughes court noted that under those circumstances, “Hughes’[s] prior crime must be viewed as one of violence....” Id. *744 In discussing statutory rape generally, however, the supreme court stated, however, that “there may be instances of consensual, nonviolent sex which nonetheless violate the statutory rape laws.Id.
¶ 8. By contrast, in Bandy v. State, 495 So.2d 486, 492 (Miss.1986) (superseded by rule on other grounds), the Mississippi Supreme Court, when confronted with the question of whether the attempted sexual assault of a child constituted a crime of violence, held that: “In the absence of a legislative standard, we adopt the rationale that a separate standard of determining violence applies when the victim is a child. Thus ... assault with attempt to commit sodomy ... was ... a crime that was violent, per se.” Unlike in Hughes, this statement was not dicta; instead, it formed the basis for the supreme court’s determination that Jordan Bandy’s conviction was a per se crime of violence.
¶ 9. Although the pronouncements of the Mississippi Supreme Court have not been entirely consistent in regard to this question, this Court is required to follow the supreme court’s rulings as closely as possible. Miles v. State, 864 So.2d 963, 965-66 (¶ 8) (Miss.Ct.App.2003). As such, we are bound by the supreme court’s holding that “a separate standard of determining violence applies when the victim is a child.” Although the supreme court later stated in dicta that statutory rape might be nonviolent, we choose to follow the supreme court’s earlier non-dicta holding in Bandy. Thus, we find no error in the circuit court’s determination that Taylor’s prior conviction for statutory rape constitutes a crime of violence sufficient to sentence him as a habitual offender to life without eligibility for parole or probation.
¶ 10. Taylor also argues that his life sentence . is disproportionate to his crime of marijuana possession in a correctional facility. In Long v. State, 33 So.3d 1122, 1124 (¶ 1) (Miss.2010), Charlie Long was sentenced to two mandatory life sentences for possession and sale of cocaine. Like Taylor, Long had previously been convicted of a crime involving violence. Id. at 1132 (¶¶ 32-33). In finding that Long’s life sentence was not disproportionate to the crimes of possessing and selling cocaine, our supreme court stated that: “Long’s sentence was in the statutory range[;] it was mandatory[;] and he has failed to establish that his sentence is grossly disproportionate to his crime.” Id. at (¶ 34). Similarly, Taylor was sentenced, within the statutory range, to a mandatory life sentence, and he has failed to show that his sentence is disproportionate.
¶ 11. Accordingly, we affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE IN A CORRECTIONAL FACILITY AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
MYERS AND RUSSELL, JJ., CONCUR. BARNES, J., SPECIALLY CONCURS WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J., AND JOINED IN PART BY RUSSELL, J. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RUSSELL, J. ROBERTS, J., DISSENTS WITH *745 SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., GRIFFIS, P.J., AND ISHEE, J.