CHANDLER, Justice,
dissenting:
¶ 28. I respectfully dissent. In this Court’s most recent pronouncement on crimes that are per se violent under Mississippi Code Section 99-19-83, we held that “we will not place a ‘violent crime’ label on a crime where there was no proof of a violent act, unless the statute itself— or some other provision of law (such as the definitions within the chapter that include the statute) — clearly and unambiguously requires us to do so.” Brown v. State, 102 So.3d 1087, 1089 (Miss.2012). Taylor’s crime of “sexual intercourse with a child underage” is not defined by any statute identified by the State or by this Court. The majority errs by deeming Taylor’s sex crime to be one of violence in the absence of an applicable statute. I would hold that, because the record established only that Taylor previously had served six years for some unknown sex crime, the State failed to prove beyond a reasonable doubt that Taylor had a prior conviction of a crime of violence. And because the State bore the burden of proof beyond a reasonable doubt, Taylor had no burden to refute the State’s evidence. Due to this failure of proof, I would reverse and remand for resentencing under Mississippi Code Section 99-19-81.
*717 ¶ 29. I begin by clarifying that the question of whether a prior felony is a per se “crime of violence” under Section 99-19-83 is a question of law subject to de novo review, not a matter within the trial court’s discretion. Brown, 102 So.3d at 1089. It is well settled that the State must prove habitual-offender status beyond a reasonable doubt before the trial court can impose an enhanced sentence under Mississippi Code Sections 99-19-81 and 99-19-83. See e.g., Gilbert v. State, 48 So.3d 516, 524-25 (Miss.2010) (citing Dalgo v. State, 435 So.2d 628, 630-31 (Miss.1983)); Seely v. State, 451 So.2d 213, 215 (Miss.1984) (“The State has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge.”). In most cases, the State can meet this burden by providing certified copies of indictments and sentencing orders. Duplantis v. State, 708 So.2d 1327, 1347 (Miss.1998) (Moore v. State, 631 So.2d 805, 806 (Miss.1994)). Of course, this assumes that the indictments and sentencing orders clearly and correctly reflect the nature of the prior offenses. See Brown v. State, 222 Miss. 863, 77 So.2d 694 (1955) (reversing conviction of unlawful possession of intoxicating liquors, second offense, based on inconsistencies in the judgment of conviction for first offense). Here, the trial court found that Taylor had been previously convicted of a violent crime for the purposes of habitual-offender sentencing. The Court of Appeals stated that the trial court had determined that Taylor’s prior crime was “statutory rape,” and found that statutory rape is a per se violent crime. However, the record reveals that the State failed to prove that Taylor’s crime was statutory rape or any other specific crime defined by statute.
¶ 30. The indictment for the prior sex offense alleged that Taylor, “being a person over eighteen (18) years of age ... did unlawfully, wilfully, and feloniously have sexual intercourse with [Jane Doe], a child under the age of fourteen (14) years.” Thus, the charge alleged statutory rape, a violation of Mississippi Code Section 97-3-65(l)(b), and, because Taylor was nineteen at the time, the potential penalty ranged from twenty years to life imprisonment. Miss.Code Ann. § 97-3-65(3)(c) (Rev. 2006). However, the court order reflects that Taylor was sentenced to six years’ imprisonment, referencing a guilty plea to “sexual intercourse with a child underage.” No subsection of the statutory-rape law authorizes a six-year sentence when the offender is eighteen years of age or older.
¶ 31. The records custodian for the Mississippi Department of Corrections (MDOC) and the Leflore County Sheriff testified that the prior conviction was for “sexual intercourse of a child underage.” The sheriff once described the offense as “sexual assault” but stated that he did not know any of the underlying facts. Throughout the hearing, the prosecutor was the only person to use the term “statutory rape,” at one point describing the conviction as “basically statutory rape.” Finally, when imposing the sentence, the trial judge referred to the prior conviction as a “sex crime,” and the sentencing order simply stated that Taylor was a habitual criminal as defined by Mississippi Code Section 99-19-83, without identifying his prior convictions.
¶ 32. As noted above, the documents in the pen pack establish that Taylor had pleaded guilty to a crime designated “sexual intercourse with a child under age” or “sex offense,” and none of the documents cited a particular statute. The indictment related to the present conviction, possession of marihuana in a correctional facility, charged Taylor as an habitual offender, and alleged that he had been “previously convicted of the felony crime of statutory rape, a crime of violence.” Although the *718 indictment sufficiently alleged “the nature or description of the offense,”[9] the evidence offered to identify the crime for which Taylor was convicted was vague and inconsistent. All of the relevant evidence described a conviction for “sex with an underage child” or a “sex offense,” and Taylor’s sentence of six years’ imprisonment does not fall within any of the permissible ranges for statutory rape. Miss. Code Ann. § 97-3-65.
¶ 33. It is true that six years’ imprisonment is a permissible sentence for sexual battery. Miss.Code Ann. § 97-3-101(1) (Rev.2006) (providing sentence of not more than thirty years’ imprisonment for conviction of sexual battery under Mississippi Code Section 97-3-95(1)(a),(b), or (2)). But this punishment is limited to “sexual penetration with (a) another person without his or her consent; (b) a mentally defective, mentally incapacitated or physically helpless person,” or “a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child.” Miss.Code Ann. § 97-3-95(l)(a),(b), and (2) (Rev.2006). “Sexual intercourse with a child under age,” does not describe precisely the elements of any of these crimes. Sexual battery is not a lesser-included offense of statutory rape, for which Taylor was indicted. For these reasons, Taylor’s crime cannot be characterized as sexual battery.
¶ 34. Taylor’s status as a habitual offender under Section 99-19-83 was contingent upon proof beyond a reasonable doubt of a prior conviction of a crime of violence. The most the State proved was that Taylor had pleaded guilty to violating an unspecified provision of Mississippi’s sex-offense statutes. Because the State bore the burden of proof, Taylor had no burden to refute the State’s evidence. Lacking sufficient clarity, the proof did not establish that Taylor’s prior convictions warranted a sentence of life without parole pursuant to Mississippi Code Section 99-19-83.
¶ 35. This Court has held that “we will not place a ‘violent crime’ label on a crime where there was no proof of a violent act, unless the statute itself — or some other provision of law (such as the definitions within the chapter that include the statute) — clearly and unambiguously requires us to do so.” Brown, 102 So.3d at 1089. Because the State did not prove that Taylor was convicted of a specific crime, there is no applicable criminal statute, and this Court is unable to examine the elements of the specific crime to determine whether that crime is per se violent. The majority’s blanket categorization of all sex crimes involving anyone underage as per se violent crimes doubtless will result in unintended consequences as the rule is applied in particular cases.[10] Because the State did not prove beyond a reasonable doubt that Taylor had a prior conviction of a violent crime, I would reverse and remand for resentencing under Mississippi Code Section 99-19-81.
DICKINSON, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.

. See URCCC 11.03 ("In cases involving enhanced punishment for subsequent offenses under state statutes ... [t]he indictment must allege with particularity the nature or description of the offense constituting the previous convictions....").

. See, e.g., Taylor v. State, 122 So.3d 742, at 751 (Miss.Ct.App.2011) (Roberts, J., dissenting).