SHAW, Judge.
R.J.S. was indicted for, and convicted of, sexual abuse in the first degree, a violation of § 13A-6-66(a)(3), Ala.Code 1975, and sexual abuse in the second degree, a violation of § 13A-6-67(a)(2), Ala.Code 1975.[1] R.J.S. was sentenced, as a habitual felony offender, to 20 years’ imprisonment on the sexual-abuse-in-the-first-degree conviction and to one year’s imprisonment in the Baldwin County jail on the sexual-abuse-in-the-second-degree conviction; the sentences were to run concurrently.
On appeal, RJ.S.’s attorney has filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel states that, upon review of the record he can find no meritorious issues upon which to base an appeal. R.J.S. was afforded an opportunity to present pro se issues to his counsel and to this Court, and he presents the following arguments:
*28 1. That his convictions violate double-jeopardy principles.
2. That his guilty plea was involuntarily withdrawn.
3. That his appellate counsel rendered ineffective assistance because he filed a no-merit brief on appeal.
4. That he was improperly sentenced under the Habitual Felony Offender Act (“the HFOA”).
Issues 1, 2, and 3, as set out above, have not been preserved for appellate review. R.J.S. did not allege in the trial court that the principles of double jeopardy had been violated; thus, he did not preserve issue 1, as set out above, for appellate review. See Straughn v. State, 876 So.2d 492, 508 (Ala.Crim.App.2003).
Our review of the record reveals that R.J.S. initially entered a guilty plea to sexual abuse in the first degree and that Counts I and III, the other two counts of the indictment, were nol-prossed. Thereafter, R.J.S. withdrew his guilty plea, and the case, including Counts I and III, was restored to the active docket. R.J.S. did not present his claim that his guilty plea was involuntarily withdrawn to the trial court either in an objection, in a motion to withdraw his guilty plea, or in a motion for a new trial. “ ‘[C]laims relating to the voluntariness of guilty pleas must first be presented to the trial court or they are waived on direct appeal.’ ” Danzey v. State, 703 So.2d 1019, 1019 (Ala.Crim.App.1997), quoting Anderson v. State, 668 So.2d 159, 162 (Ala.Crim.App.1995). See also Stinson v. State, 669 So.2d 1010, 1011 (Ala.1995); Cantu v. State, 660 So.2d 1026 (Ala.1994); Williams v. State, 727 So.2d 879 (Ala.CrimApp.1998). Therefore, issue 2, as set out above, was not preserved for appellate review.
R.J.S. also contends that his appellate counsel rendered ineffective assistance because he filed a no-merit Anders brief when, in fact, R.J.S. says, there was a meritorious issue on appeal. However, issue 3, as set out above, is not properly before this Court because it has not previously been presented to the circuit court. See Brown v. State, 701 So.2d 314, 319-20 (Ala.Crim.App.1997) (“ ‘[W]e will not make exception to the rule that a claim for ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court.’ ” (quoting Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992), overruled on other grounds, Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996))).
However, because it appeared that issue 4, as set out above, warranted further briefing, this Court appointed new counsel to represent R.J.S. on appeal and requested that the parties address the following issue:
“Did the trial court properly enhance R.J.S.’s sentence under the Habitual Felony Offender Act with a 1996 Indiana guilty-plea conviction involving the molestation of a child under 14 years of age; specifically, did the State meet its burden of proving that the conduct underlying the Indiana conviction would have been punishable as a felony if it had occurred in Alabama. See § 13A-6-67(a)(2), Ala.Code 1975; Elston v. State, 687 So.2d 1239 (Ala.Crim.App.1996); and Rule 26.6(b)(3)(iv), Ala.R.Crim.P.”
As previously noted, R.J.S. contends that he was improperly sentenced under the HFOA because, he says, his 1996 conviction in Indiana based on a guilty plea was for child molesting, a violation of § 35-42-4-3 of the Indiana Code, and such a conviction would constitute a misdemean- or, not a felony, under Alabama law.
*29 At the sentencing hearing, the State introduced State’s Exhibit 1 (R. 81), which showed that in December 1996, R.J.S. was convicted of “Child molesting — [a Class] C felony.” (C. 38.) R.J.S. objected to the use of this Indiana conviction to enhance his sentence under the HFOA on the grounds that “there is no indication that [this conviction] was a felony in the State of Alabama.” (R. 83.) At the sentencing hearing, R.J.S. introduced a copy of § 35-42-4-3 of the Indiana Code — subsection (a) deals with Class A and Class B felonies while subsection (b) states the following, in pertinent part:
“A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.”
R.J.S. pointed out at the sentencing hearing that he had pleaded “guilty to a charge of sexual contact with a child under the age of 14, which in the State of Indiana apparently is considered a felony ... [while] in the State of Alabama ... that same conduct and contact is defined as sex abuse in the second degree ... and ... that conduct would be punished in the State of Alabama as a misdemeanor.”[2] (R. 83.) Even though the State did not offer any evidence to prove that R.J.S.’s Indiana conviction constituted a felony in Alabama when it was committed, the trial court sentenced R.J.S. applying this Indiana conviction to enhance R.J.S.’s sentence under the HFOA.
In Elston v. State, 687 So.2d 1239, 1241-42 (Ala.Crim.App.1996), this Court stated:
“When the state seeks to use a defendant’s out-of-state felony convictions to enhance his sentence under § 13A-5-9 (Alabama’s Habitual Felony Offender Act), the state must prove that the conduct for which the defendant was previously convicted constituted a felony in Alabama when it was committed. Gwynne v. State, 499 So.2d 802 (Ala.Cr.App.1986). The state’s burden is satisfied by proving either (1) that the prior out-of-state conviction rests, as a matter of law, on felonious conduct as defined by Alabama law at the time of the prior offense; see, e.g., Guyynne, or (2) that the prior out-of-state conviction rests, in fact, on felonious conduct as defined by Alabama law at the time of the prior offense. Mitchell v. State, 579 So.2d 45 (Ala.Cr.App.1991), cert. denied, 596 So.2d 954 (Ala.1992).”
In his brief, R.J.S.’s newly appointed appellate counsel argued:
“The only way [R.J.S.’s] Indiana conduct could have amounted to a felony under Alabama law is if the Indiana victim had been under the age of 12. Then [R.J.S.] would have been in violation of Section 13A-6-66 of the Alabama Code, which makes it a Class C felony to ‘subjects another person to sexual contact who is less than 12 years old.’ Ala. Code § 13A-6-66. However, the record in this appeal is devoid of any information regarding the age of the Indiana victim, and the State of Alabama offered no proof whatsoever as to that child’s age. Accordingly, the trial court was *30 wrong to enhance [R.J.S.’s] sentence pursuant to the HFOA in the absence of any evidence showing that [R.J.S.’s] conduct would have constituted a felony under Alabama law at the time it occurred.”
(R.J.S.’s brief at p. 13.)
In its brief, the State argues that it had met its burden of proving R.J.S.’s previous Indiana conviction when it introduced a copy of the clerk’s certifícate showing that R.J.S. had been convicted in Indiana of child molesting, a Class C felony, and that the burden then shifted to R.J.S. to prove that the conviction could not be used to enhance his conviction under the HFOA. To support its contention, the State relies on Ginn v. State, 894 So.2d 793 (Ala.Crim.App.2004), in which this Court stated:
“In this case, the State met its burden of proof with respect to the prior Georgia convictions. The certified documents introduced into evidence by the State show that Ginn was convicted in 1973 of burglary and theft, and they do not state or suggest that the pleas were entered under Georgia’s first-offender law. Thus, the burden shifted to Ginn to prove that the prior Georgia pleas were entered under Georgia’s first-offender law and thus were not, in fact, convictions. Ginn, however, presented no evidence in that regard; therefore, he failed to satisfy his burden.
“Because Ginn’s claim that the prior Georgia convictions were not valid for use under the HFOA is not supported by the record, he is entitled to no relief on this claim.”
894 So.2d at 799 (footnote omitted). The evidence submitted by the State in Ginn showed that Ginn’s prior convictions in Georgia — burglary and theft — would have been felonies under Alabama law; thus, the State met its initial burden of proving that the prior out-of-state convictions were felonies for purposes of enhancement under the HFOA. The burden then shifted to Ginn to prove that these convictions were not convictions because, he claimed, his pleas had been entered under Georgia’s first-time offender law.
In its brief, the State argues the following:
“The Alabama first degree sexual abuse statute [§ 13A-6-66, Ala.Code 1975] makes it a felony to commit sexual contact with a child less than twelve years of age, or with a child of any age if it is conducted through forcible compulsion. The State clearly established that [R.J.S.] was convicted of a felony for sexual contact with a child in Indiana, and that the conduct underlying the Indiana conviction could also have constituted sexual abuse under Alabama’s first degree sexual abuse statute. Consequently, the burden shifted to [R.J.S.] to prove that the conduct underlying the Indiana conviction would not have constituted first degree sexual abuse under Alabama [law] because the Indiana conviction involved a child more than twelve years of age, or that it was not done through forcible compulsion.”
(State’s brief at pp. 14-15.) While we agree that the State presented evidence that R.J.S. was convicted of a felony in Indiana, we do not agree that the State established that the underlying conduct for the Indiana conviction fell within first-degree sexual abuse under Alabama law — as provided in § 13A-6-66, Ala.Code 1975.[3] *31 There is nothing in the record to indicate that the victim in Indiana was under the age of 12 or that the sexual contact was conducted by forcible compulsion. The State’s evidence established only that there was sexual contact between R.J.S. and a child under the age of 14. As previously noted, such conduct in Alabama may constitute sexual abuse in the second degree, a misdemeanor under Alabama law. See § 13A-6-67. Thus, it does not appear to this Court that the State met its initial burden of proving that R.J.S.’s out-of-state conviction constituted a felony under Alabama law. Consequently, the burden did not shift to R.J.S., as it did in Ginn, and this case is controlled by Elston.
R.J.S. also argues that the State did not give him notice of its intent to proceed under the HFOA. Specifically, R.J.S. argues:
“In this case, the defendant had no notice whatsoever that the state intended to use the Indiana conviction. [RJ.S.’s] trial counsel objected, and did an admirable job in attempting to point out that the Indiana conviction would not constitute a felony under Alabama law. However, it seems that the defense was prejudiced by the sudden introduction of the Indiana offense, and would have been better served by an opportunity to more adequately prepare his argument in rebuttal to the use of the Indiana crime. Because he was not afforded an opportunity to prepare an argument against the Indiana offense and its use to invoke the requirements of the HFOA, defendant was severely prejudiced in his sentencing hearing, and the sentence is due to be reversed.”
(R.J.S.’s brief at pp. 20-21.)
However, our review of the record reveals that R.J.S. knew before the sentencing hearing that the State intended to use this prior Indiana conviction because his attorney introduced a copy of the pertinent statute from Indiana and argued that R.J.S.’s Indiana conviction did not constitute a felony under Alabama law. Additionally, we note that at the sentencing hearing RJ.S.’s attorney stated:
“And [I] would also submit that while the State at the last time that it was set for sentencing had indicated that they were unable to obtain this offense, or at least a document that they could use from Indiana for that hearing, they had actually never filed a notice of intent to proceed under the Alabama Habitual Felony Offender Act. And that, the continuance at that hearing substantially prejudiced [R.J.S.’s] rights as far as the sentencing because it gave the State time to obtain a certified and exemplified copy.”
(R. 83-84.) Thus, it appears from the record that R.J.S. had notice that the State intended to use his prior conviction to enhance his sentence under the HFOA.
As this Court stated in Elston:
“Accordingly, Elston’s conviction is affirmed. However, we are constrained to grant a new sentencing hearing to determine whether the conduct underlying his prior Georgia robbery convictions would have been punishable as a felony if committed in Alabama at that time. See Mitchell [v. State, 579 So.2d 45 (Ala.Crim.App.1991)]. On remand, if the state fails to prove its allegation in this regard, then the trial court must resen-tence Elston without applying Alabama’s Habitual Felony Offender Act.”
*32 687 So.2d at 1245. In light of the foregoing, we affirm R.J.S.’s convictions and we remand for a new sentencing hearing in order for the trial court to determine whether the underlying conduct for R.J.S.’s Indiana conviction would have been a felony under Alabama law. On remand, if the State is unable to prove its allegations, then the trial court must re-sentence R.J.S. without applying the HFOA. Due return shall be filed with this Court no later than 42 days from the date of this opinion.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING. 
McMILLAN, P.J., and COBB and WISE, JJ., concur.
BASCHAB, J., recuses herself.

. We note that R.J.S. was also indicted in Count I for violating § 15-20-23, Ala.Code 1975. The indictment alleged that R.J.S. did “intentionally transfer his legal residence to a different location, without having first submitted a notice of intent to move” to the appropriate authorities. (C. 7.) Count I was severed from Counts II and III. Count I was tried on August 14, 2003. The case action summary reads: "At the conclusion of the State's case, the court grants the defendant!)s] motion for a judgment as a matter of law because the State failed to introduce any legal evidence that the defendant was an adult sexual offender.” (C. 3.)

. Section 13A-6-67, Ala.Code 1975, states, in pertinent part:
"(a) A person commits the crime of sexual abuse in the second degree if:
[[Image here]]
“(2) He, being 19 years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old.
“(b) Sexual abuse in second degree is a Class A misdemeanor.”

. Section 13A-6-66 provides, in pertinent part:
“(a) A person commits the crime of sexual abuse in the first degree if:
"(1) He subjects another person to sexual contact by forcible compulsion; or
[[Image here]]
*31 "(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.
''(b) Sexual abuse in the first degree is a Class C felony.”