# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-00321-SCT

*MELVIN GRAYER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2012 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY:  MOLLIE M. MCMILLIN |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED IN PART; REMANDED - 07/18/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND CHANDLER, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    On the Court's own motion, the prior opinions in this case are withdrawn and these opinions are substituted therefor.

¶2.    Melvin Grayer was convicted of burglary and sentenced as a habitual offender to seven years without the possibility of parole or probation.  Grayer appeals, claiming that he received ineffective assistance of counsel because his trial counsel failed to request a circumstantial-evidence jury instruction and that he was sentenced as a habitual offender

without competent evidence of his prior felony convictions. We affirm Grayer's conviction but vacate his habitual-offender sentence enhancement, because the State failed to prove Grayer was a habitual offender by competent evidence. We remand this case to the Circuit Court of Harrison County, First Judicial District, for resentencing.

## FACTS AND PROCEDURAL HISTORY

¶3. Just after midnight on January 29, 2011, Gulfport Police Officer Jason Payne responded to a burglary call at a business located on Old Highway 49. Payne described the business as two buildings separated by a walkway, with a fence enclosing both buildings. The walkway also had a wrought-iron gate at each end. Payne approached the building and noted that the windows and doors appeared secure. As he continued inspecting the perimeter, Payne heard a "clicking noise." When he turned to investigate the noise, Payne saw a male standing in the walkway between the buildings, inside the fence and on the other side of the gate from Payne. Although Payne ordered the man to get on the ground, the man turned and began walking away. The man then began to run, jumped over a gate to exit the business, and ran into the nearby woods. Payne maintained visual contact with the man until he ran into the woods but stopped his pursuit after the man entered the woods, because other officers were en route to the scene with a K9 officer, who would be able to track the suspect.

¶4. Backup arrived shortly after Payne saw the man run into the woods. A Gulfport Police K9 officer and his service dog eventually found Melvin Grayer in the woods, attempting to conceal himself. Grayer was arrested and taken into custody.

¶5. After Grayer was taken into custody, Payne returned to the scene to meet the business owner and investigate the business building. During the investigation, Payne observed an

2

area of sheet metal that had been pulled back to make a point of entry to the building and some speakers on the ground in the breezeway where he had made initial contact with the suspect. The business owner testified that the speakers were not normally kept outside in the breezeway, but were generally stored inside in the shipping and receiving area of the main warehouse.

¶6.     Grayer was indicted for burglary under Mississippi Code Section 97-17-33[1] and as a habitual offender under Mississippi Code Section 99-19-81.[2] The indictment clearly sets forth that Grayer is a habitual offender and lists his seven previous felony convictions (arising out of five separate incidents at five different times), including the offenses, dates convicted, and cause numbers.

---

[1]Mississippi Code Section § 97-17-33 reads in relevant part:

Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, . . . in which any goods, merchandise, equipment, or valuable thing shall be kept for use, sale . . . with intent to steal therein or commit any felony . . . shall be found guilty of burglary and imprisoned in the penitentiary not more than seven (7) years.

Miss. Code Ann. § 97-17-33 (Rev. 2006).

[2]Miss. Code Section § 99-19-81 reads as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2007).

¶7. After a trial, a jury convicted Grayer of burglary. Immediately after the guilty verdict was returned, the trial judge asked the State for its position on sentencing. The State responded that Grayer had been indicted as a habitual offender under Mississippi Code Section 99-19-81 and requested that he receive the maximum sentence. The State offered to recite the nature of the previous convictions, and the State's counsel also advised the trial court that he had copies of the certified sentencing orders available for the court's inspection. The court instructed the State to recite Grayer's previous convictions, which the State's counsel did.

¶8. The trial judge then asked if the certified sentencing orders reflecting Grayer's previous convictions had been provided to defense counsel, and the State advised that they had. The trial judge then stated, "I see what you have contained in your hands in the indictment. So there's no need for you to present them to the court at this time." The trial judge then immediately found Grayer to be a habitual offender and sentenced him to seven years in the custody of the Mississippi Department of Corrections, the maximum term for burglary of a building, without the possibility of parole or probation. Other than the indictment and the State's recitation of Grayer's previous convictions, the record does not contain any evidence to support Grayer's status as a habitual offender.

**DISCUSSION**

**I.      Grayer's claim of ineffective assistance of counsel is without merit.** [3]

**A.      Standard of Review**

¶9.      "In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove (1) that his attorney's overall performance was deficient and (2) that the deficient performance, if any, was so substantial as to prejudice the defendant and deprive him of a fair trial." [4]  "Furthermore, there is a 'strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" [5]  "To overcome this presumption, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" [6]

**B.      Analysis**

¶10.      Grayer argues that his trial counsel should have requested a circumstantial-evidence jury instruction because there was no direct evidence of his guilt in this case, further claiming that the State presented direct evidence only that he was *outside* the business building.  The State argues that Officer Payne provided direct evidence of Grayer's guilt by offering

---

[3]We note that claims of ineffective assistance of counsel, although normally reviewed in post-conviction-relief proceedings, may be reviewed on direct appeal in situations where the alleged error is "based on facts fully apparent from the record." *Mitchell v. State*, 90 So. 3d 584, 596 (Miss. 2012).  Because Grayer's claim is based on facts fully apparent from the record, we may consider Grayer's claim of ineffective assistance of counsel on direct appeal.

[4]*Smiley v. State*, 815 So. 2d 1140, 1146 (Miss. 2002) (citations omitted).

[5]*Id.* (quoting *Walters v. State*, 720 So. 2d 856, 868 (Miss. 1998)).

[6]*Smiley*, 815 So. 2d at 1146 (quoting *Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990)).

eyewitness testimony that placed Grayer inside the business's perimeter and placed speakers outside the building where Grayer had been standing; therefore, the State argues a circumstantial-evidence jury instruction would not have been proper.

¶11.    We agree that the evidence in this case did not support a circumstantial-evidence instruction.    A defendant is entitled to a circumstantial-evidence instruction; *i.e.*, an instruction that every reasonable hypothesis other than guilt must be excluded to convict, only when the case against him is based entirely on circumstantial evidence, as opposed to direct evidence.[7]   Direct evidence includes an eyewitness to the "gravamen of the offense charged."[8]   Additionally, "[a] circumstantial evidence instruction is required 'only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant.'"[9]

¶12.    In this case, Grayer was convicted of burglary under Mississippi Code Section 97-17-33.  To obtain a conviction, the State was required to prove that Grayer (1) had unlawfully broken into the business, (2) with the intent to steal or commit a felony after he entered.[10]   The State produced an eyewitness, Payne, who testified that he saw Grayer inside the perimeter of the business and that he saw speakers on the ground outside the business building, at the spot where he first made contact with Grayer.  The State also produced the

---

[7]*States v. State*, 88 So. 3d 749, 756 (Miss. 2012) (citations omitted).

[8]*Id.* (citations omitted).

[9]*Hughes v. State*, 983 So. 2d 270, 278 (Miss. 2008) (quoting *Rubenstein v. State*, 941 So. 2d 735, 785 (Miss. 2006)).

[10]Miss. Code Ann. § 97-17-33 (Rev. 2006).

business owner, who testified that the speakers were always kept inside the building in the shipping and receiving area.

¶13. The State produced direct evidence to the gravamen of the offense charged in the form of eyewitness testimony. Therefore, we find that Grayer was not entitled to a circumstantial-evidence instruction and that his attorney's performance was not deficient for failing to request one. This assignment of error is without merit.

## II. The State failed to prove Grayer's habitual-offender status with competent evidence.

### A. Procedural Bar and Standard of Review

¶14. Grayer did not object to being sentenced as a habitual offender at trial. "When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so for the first time on appeal."[11] Recognizing that his argument is procedurally barred, Grayer contends that he has a fundamental right to be free of an illegal sentence and urges this Court to review his sentence for plain error.

¶15. "This Court employs the plain-error rule only 'when a defendant's substantive or fundamental rights are affected.'"[12] "To determine if plain error has occurred, this Court must determine 'if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether that error has prejudiced the outcome of the trial.'"[13]

---

[11]*Cummings v. State*, 465 So. 2d 993, 995 (Miss. 1985).

[12]*Lafayette v. State*, 90 So. 3d 1215, 1220 (Miss. 2012) (Carlson, P.J., specially concurring) (quoting *Flora v. State*, 925 So. 2d 797, 811 (Miss. 2006)).

[13]*Lafayette*, 90 So. 3d at 1220 (quoting *McGee v. State*, 953 So. 2d 211, 215 (Miss. 2007)).

**B. Analysis**

¶16. Grayer argues that his sentence is illegal because the State failed to prove his habitual-offender status with competent evidence. An accused has a fundamental right to be free of an illegal sentence.[14] We have explained that an illegal sentence is one that "does not 'conform to the applicable penalty statute.'"[15] In other words, a sentence is not illegal unless it exceeds the maximum statutory penalty for the crime.[16]

¶17. Grayer was found guilty of burglary, which provides that any person found guilty shall be imprisoned for "not more than seven (7) years."[17] The circuit court found that Grayer was a habitual offender and sentenced him to seven years without the possibility of parole or probation, as mandated by the habitual-offender statute.[18]

¶18. To sentence a defendant as a habitual offender, "[a]ll that is required is that the accused be properly indicted as an habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecutor's proof."[19] Grayer argues only that the prosecution failed to prove his prior offenses by competent evidence.

---

[14]*Kennedy v. State*, 732 So. 2d 184, 186 (Miss. 1999) (citation omitted).

[15]*Foreman v. State*, 51 So. 3d 957, 962 n.22 (Miss. 2011) (quoting *Llerena v. U.S.*, 508 F. 2d 78, 80 (5th Cir. 1975)).

[16]*House v. State*, 754 So. 2d 1147, 1150 (Miss. 1999); *Brown v. State*, 923 So. 2d 258, 260 (Miss. Ct. App. 2006).

[17]Miss. Code Ann. § 97-17-33 (Rev. 2006).

[18]*Id. See also* Miss. Code Ann. § 99-19-81 (Rev. 2007).

[19]*Keys v. State*, 549 So. 2d 949, 951 (Miss. 1989) (citations omitted).

¶19.   The "best evidence of a conviction is the judgment of conviction."[20]   In this case, although the State informed the circuit court that it had certified copies of Grayer's prior convictions and had provided copies to Grayer and his counsel, it failed to place the certified copies into the record or to offer any evidence to support Grayer's habitual-offender status, other than a recitation of his prior felony convictions.  Simply put, the State failed to prove Grayer's prior convictions by competent evidence.  Therefore, we find that the circuit court committed error, rising to the level of plain error, by sentencing Grayer as a habitual offender without evidence of his prior convictions.

¶20.   Furthermore, the State is not entitled to a second chance to prove a defendant's habitual-offender status on remand, because that would violate the prohibition against double jeopardy under the Mississippi Constitution.[21]   We have explained:

> [A]n habitual offender's sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant's conviction has been overturned due to a failure of proof at trial, . . . the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.[22]

¶21.   We find that the circuit court committed plain error in this case by sentencing Grayer as a habitual offender without proof of Grayer's prior convictions, and we find that the error prejudiced the outcome of Grayer's trial.

---

[20]*McIlwain v. State*, 700 So. 2d 586, 589 (Miss. 1997) (citations omitted).

[21]*Ellis v. State*, 520 So. 2d 495, 496 (Miss. 1988) (citing Miss. Const. art. 3, § 22 (1890)).

[22]*Ellis*, 520 So. 2d at 496 (quoting *DeBussi v. State*, 453 So. 2d 1030 (Miss. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978))).  *See also **Young v. State***, 507 So. 2d 48 (Miss. 1987).

# CONCLUSION

¶22.    We find that Grayer's claim of ineffective assistance of counsel is without merit. We further find that the circuit court erred in sentencing Grayer as a habitual offender because the State failed to prove his prior offenses by competent evidence. Therefore, we affirm Grayer's conviction, vacate his seven-year sentence and habitual-offender enhancement, and remand this case to the circuit court for resentencing of Grayer as a nonhabitual offender.

¶23.    **CONVICTION OF BURGLARY OF A BUSINESS, AFFIRMED. HABITUAL-OFFENDER ENHANCEMENT VACATED, AND THE CASE IS REMANDED FOR RESENTENCING.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, CHANDLER AND KING, JJ., CONCUR. PIERCE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., AND COLEMAN, J.**

**PIERCE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶24.    I respectfully dissent on Issue two, in which the Majority holds that the State failed to prove Grayer's habitual-offender status with competent evidence. I would find that the trial court did not commit plain error. It is clear from the record that the trial court and the parties were furnished all evidence of habitual-offender status and reviewed it and referenced it. While such evidence was not entered into the record, the judge acknowledged its existence and considered what the evidence contained, and he stated that he did not need to see the evidence introduced. Further, Grayer's counsel did not object to the evidence not being entered into the record. While there may have been a procedural error with regard to the habitual-offender evidence not being marked as an exhibit, this was not an error of substance. And when an accused fails to object to the habitual-offender issue during the

10

sentencing phase, he or she is procedurally barred from raising the issue for the first time on appeal. ***Cummings v. State***, 465 So. 2d 993, 995 (Miss. 1985). Because Grayer's counsel did not object, he cannot object to this on appeal unless a "substantive or fundamental right [was] affected." ***Parker v. State,*** 30 So. 3d 1222, 1227 (Miss. 2010). This Court has further held that in order to determine if plain error has occurred, this Court must determine "if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial." ***Cox v. State,*** 793 So. 2d 591, 597 (Miss. 2001). Here, Grayer was not prejudiced, because the trial court already knew of the evidence of habitual-offender status; the decision not to enter such evidence into the record was not prejudicial to Grayer. Thus, failure to mark the evidence as an exhibit, when the judge already had considered the evidence for sentencing, was not a deviation from any legal rule, absent objection. Therefore, I respectfully dissent.

**RANDOLPH, P.J., AND COLEMAN, J., JOIN THIS OPINION.**

11