# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-KA-00940-SCT

*EARL YOUNG a/k/a EARL MONTREAL YOUNG*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/2021 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | SHARON ALGENA SPENCER |
| | AKILLIE MALONE OLIVER |
| | WALTER ERIC BLECK |
| | SILAS E. MURRAY |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: MOLLIE M. McMILLIN |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA BYRD |
| DISTRICT ATTORNEY: | AKILLIE MALONE OLIVER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 07/27/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. The present appeal asks this Court to determine whether Earl Young was properly indicted and sentenced as a habitual offender. Young was convicted under Mississippi Code Section 97-5-23(1) (Rev. 2020) for gratification of lust and was sentenced to fifteen years without the possibility of parole as a habitual offender under Mississippi Code Section 99-

19-81 (Rev. 2020). We find that Young was not properly sentenced as a habitual offender and, therefore, we reverse Young's sentence and remand the case for resentencing as a nonhabitual offender.

## FACTS AND PROCEDURAL HISTORY

¶2.　On October 26, 2020, a grand jury indicted Earl Young for (1) kidnapping, (2) gratification of lust, (3) aggravated assault and (4) statutory rape. The indictment also included a fifth count that charged Young as a habitual offender. On July 9, 2021, after two days of trial, Young's jury returned a verdict of guilty of gratification of lust and not guilty of kidnapping, aggravated assault and statutory rape.

¶3.　On July 26, 2021, the trial court held a sentencing hearing for Young on the gratification of lust conviction. Prior to the hearing, a "Pre-Post Sentence Investigation" report[1] was submitted to the court. The report contained a section detailing Young's prior criminal record. Four prior felonies[2] were listed in this section as follows:

| OFFENSE | JURISDICTION | DISPOSITION | DATE |
|---------|-------------|-------------|------|
| Wire Fraud | Humphreys Circuit Court | Guilty Plea | 02/26/2010 |
| Commercial Burglary | Humphreys Circuit Court | Guilty Plea | 2/26/2010 |
| Grand Larceny | Humphreys Justice Court | No Disposition | 12/19/02 |
| Grand Larceny | Humphreys Justice Court | No Disposition | 11/28/07 |

---

[1]It should be noted that the term "Pre-Post Investigation" is confusing. The report was clearly submitted to the court prior to sentencing, however, and was used by the court for its sentencing determination.

[2]The section also listed Young's conviction for gratification of lust in the present case.

The report also stated that Young had been on probation once and incarcerated for a felony conviction once. The report did not contain any information regarding the length of Young's prior sentences for these felony convictions or the dates on which the incidents took place.

¶4.     At the sentencing hearing, the court asked Young's defense counsel if he had seen the sentencing report. Young's counsel replied that he had seen the report. The court then asked whether he disagreed with anything contained in the report. Young's counsel replied, "Not that I read, Your Honor." Based on the report, the court found that Young had been convicted of two prior felonies and, therefore, the court sentenced Young as a habitual offender under Section 99-19-81. Aside from the sentencing report, the State did not produce any evidence of Young's prior felony convictions. Section 99-19-81 states that

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony . . . and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

On July 26, 2020, Young was sentenced to the maximum fifteen year term prescribed in Section 97-5-23(1) without the possibility of parole. On August 3, 2021, Young appealed his sentence.

## ISSUES PRESENTED

¶5.     Young raises the following issues on appeal:

I.     Whether the indictment was sufficient to charge Young as a habitual

3

offender.

II. Whether the evidence was sufficient to support a habitual offender sentence.

**STANDARD OF REVIEW**

¶6. "The question of whether an indictment is defective is an issue of law and therefore deserves a relatively broad standard of review, or *de novo* review, by this Court." ***Tapper v. State***, 47 So. 3d 95, 100 (Miss. 2010) (citing ***Montgomery v. State***, 891 So. 2d 179, 185 (Miss. 2004)).

> A defendant's failure to object to habitual-offender sentencing operates as a procedural bar to the issue on appeal. However, when a defendant's substantive or fundamental rights are affected, this Court will review an issue for plain error, that is, an error that is plain, clear, or obvious and prejudiced the outcome.

***Perry v. State***, 233 So. 3d 750, 760 (Miss. 2017) (citations omitted).

**DISCUSSION**

**I. Young's failure to object to the defective indictment in the trial court resulted in the waiver of this issue on appeal.**

¶7. Mississippi Rule of Criminal Procedure 14.1(b) lays out the requirements for an indictment charging an accused as a habitual offender. The rule is as follows:

> **(b) Enhanced Punishment for Subsequent Offenses.** When an indictee may be eligible for enhanced punishment because of one (1) or more prior convictions, the State shall either:
>
> (1) specify such prior conviction(s) in the indictment, identifying each such prior conviction by the name of the crime, the name of the court in which each such conviction occurred and the cause number(s), the date(s) of conviction, and, if relevant, the length of time the accused was incarcerated for

4

each such conviction; or

> (2) after indictment, and at least (30) days before trial or entry of a plea of guilty, file with the court formal notice of such prior conviction(s). The notice shall be served upon the defendant or the defendant's attorney and shall contain the same information specified in subsection (1) of this rule.

MRCrP 14.1(b). Count five of the indictment charged Young as a habitual offender. It stated:

> FURTHER said EARL YOUNG has previously been convicted of at least two (2) previous felonies, separately brought and arising out of separate incidents at different times and having been sentenced to separate terms of one (1) year or more in a state and/or federal penal institution. Therefore said, EARL YOUNG, is a habitual offender in accordance with the provisions of Section 99-19-81 of the Mississippi Code of 1972, as amended, and if convicted on this charge, shall be sentenced to the maximum term without possibility of parole, all against the peace and dignity of the State of Mississippi.

¶8. Facially, Young's indictment fails in every respect to comply with Rule 14.1(b)(1). It does not identify or describe the nature of the previous convictions, their dates, their cause numbers, their sentences or the court from which they were rendered. Furthermore, the State failed to take advantage of the second opportunity afforded to it under Rule 14.1(b)(2) to notify Young of the specific prior felony convictions that would serve to enhance his sentence. But Young failed to raise any objection to the indictment prior to the present appeal. This Court has held that defects as to the form of an indictment are subject to waiver if the accused fails to demur to the indictment in the trial court. *Brandau v. State*, 662 So. 2d 1051, 1055 (Miss. 1995) (citing *Bolen v. State*, 309 So. 2d 524 (Miss. 1975); *Moran v. State*, 137 Miss. 435, 102 So. 388 (1925)); *see also* Miss. Code Ann. 99-7-21 (Rev. 2020); MRCrP 14.4. Substantive defects in the indictment, however, are not subject to waiver and

may be raised for the first time on appeal. ***State v. Berryhill***, 703 So. 2d 250, 254 (Miss. 1997).

¶9.     The State made no attempt to amend Young's indictment in this case. "Mississippi caselaw clearly holds that a trial court may allow amendment of an indictment to charge a defendant as a habitual offender because the amendment does not affect the substance of the charged crime but only the subsequent sentencing." ***Lee v. State***, 281 So. 3d 101, 107 (Miss. Ct. App. 2019) (citing ***Adams v. State***, 772 So. 2d 1010, 1020 (Miss. 2000)). Therefore, had the State sought to amend Young's indictment in the trial court, it would have been permissible as an amendment to its form. *See **Nathan v. State***, 552 So. 2d 99, 105 (Miss. 1989); ***Ellis v. State***, 469 So. 2d 1256, 1258 (Miss. 1985); ***Commodore v. State***, 994 So. 2d 864, 876 (Miss. Ct. App. 2008). Because the indictment was defective as to its form and could have been amended in the trial court, Young's failure to object in the trial court waived the issue, and Young is barred from raising it for the first time on appeal. *See **Weeks v. State***, 123 So. 3d 373, 376 (Miss. 2013).

> **II.     The evidence was insufficient to support Young's habitual offender sentence.**

¶10.     "To sentence a defendant as a habitual offender, '[a]ll that is required is that the accused be properly indicted as an habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecutor's proof.'" ***Grayer v. State***, 120 So. 3d 964, 969 (Miss. 2013) (alteration in original) (quoting ***Keyes v. State***, 549 So. 2d 949, 951 (Miss. 1989)). "The State

6

has the burden of proof beyond a reasonable doubt to demonstrate that the defendant is an habitual offender." ***Ward v. State***, 346 So. 3d 868, 872 (Miss. 2022) (citing ***Conner v. State***, 138 So. 3d 143, 151 (Miss. 2014)).

¶11.     As discussed above, Young's failure to object to the indictment—though clearly improper pursuant to Rule 14.1(b)—in the trial court resulted in the waiver of the issue on appeal. Young argues, however, that the State also failed to prove he was a habitual offender beyond a reasonable doubt and that his sentencing as a habitual offender was therefore improper. Once again, Young failed to raise any objection to his habitual offender sentence prior to the present appeal. This Court will review an issue for plain error if a defendant's substantive or fundamental rights have been affected. ***Perry***, 233 So. 3d at 760. One such fundamental right is the right to be free from an illegal sentence. ***Id.*** "[A]n illegal sentence is one that 'does not "conform to the applicable penalty statute."'" ***Grayer***, 120 So. 3d at 969 (quoting ***Foreman v. State***, 51 So. 3d 957, 962 n. 22 (Miss. 2011)).

¶12.     This Court has repeatedly held that "[t]he 'best evidence of a conviction is the judgment of that conviction.'" ***Grayer***, 120 So. 3d at 969 (quoting ***McIlwain v. State***, 700 So. 2d 586, 589 (Miss. 1997)); *see also* ***McGowan v. State***, 269 So. 2d 645, 649 (Miss. 1972); ***Brown v. State***, 222 Miss. 863, 870, 77 So. 2d 694, 696 (1955). Other than certified copies of the judgment of conviction, this Court has identified several other avenues of presenting competent evidence of prior convictions including: certified abstracts of court records, ***McIlwain***, 700 So. 2d at 598, certified copies of commitment papers, ***King v. State***,

527 So. 2d 641, 646 (Miss. 1988), certified pen-pack records listing prior convictions, *Conner*, 138 So. 3d at 150-52, and the accused may stipulate to the prior felony convictions, *Keyes*, 549 So. 2d at 950-51. The State failed to avail itself of any of these approved methods.

¶13.    Instead, the State argues that the "Pre-Post Sentence Investigation" report was competent evidence to support Young's habitual offender sentence. The State cites an opinion from our Court of Appeals, *Ryan v. State*, 245 So. 3d 491, 497 (Miss. Ct. App. 2017), and asserts that it "found that a pre-sentencing report competently proved that the defendant had a prior conviction that qualified him as a habitual offender." The court in *Ryan*, however, held that the presentence report in addition to official records from the Oklahoma Department of Corrections (which included the defendant's photo and a list of his prior convictions) and the defendant's admitting to the offenses listed in his presentence report were competent evidence that the defendant was a habitual offender. *Id.* Contrary to the State's assertion, the court in *Ryan* did not rely solely on the presentence report to find that the defendant was properly sentenced as a habitual offender. Instead, the court found that the presentence report in conjunction with other competent evidence was sufficient proof of Ryan's prior convictions. *Id.*

¶14.    Even if this Court found that Young's failure to object to the "Pre-Post Sentence Investigation" report constituted a stipulation to the felony convictions—which we do not find to be the case—the report only included generalities regarding Young's alleged prior

8

convictions. It did not specify the statutes under which Young was convicted, the term of any sentences or whether the convictions clearly arose out of separate incidents at different times. In fact, that information is completely absent from the record in this case. This Court need not address whether a presentence report containing sufficiently reliable and admissible information is competent evidence of prior convictions because the presentence report here clearly did not contain any such information. The "Pre-Post Sentence Investigation" report in this case, standing alone, was not competent evidence of Young's prior convictions, and he was not properly sentenced as a habitual offender.

¶15.    Because the State's evidence was insufficient to prove that Young was a habitual offender, on remand, "the State is not entitled to a second chance to prove [Young's] habitual-offender status . . . , because that would violate the prohibition against double jeopardy under the Mississippi Constitution." *Grayer*, 120 So. 3d at 969-70 (citing *Ellis*, 520 So. 2d at 496).[3] Therefore this Court directs the trial court to resentence Young as a nonhabitual

---

[3]The State argues that this Court's ruling in *DeBussi v. State*, 453 So. 2d 1030 (Miss. 1984), *superseded by rule on other grounds as stated in Cox v. State*, 586 So. 2d 761, 765 (Miss. 1991), applying double jeopardy to habitual offender sentencing, should be overturned since it contradicts the United States Supreme Court's holding in *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998). The holding in *Monge* precluding the application of the federal double jeopardy clause to non capital sentencing has been federal law for twenty-five years and this Court has continued to apply the Mississippi Constitution's double jeopardy clause to habitual offender sentencing. *See Grayer*, 120 So. 3d at 969-70; *Ward*, 346 So. 3d at 874; *Manuel v. State*, 357 So. 3d 633, 640-41 (Miss. 2023). It should also be noted that "[a]s a general rule a distinction is made in double jeopardy cases between reversal for trial error and reversal on sufficiency of the evidence." *DeBussi*, 453 So. 2d 1030, 1033 (citing *Burks v. United States*, 437 U.S. 1, 15-16, 98 S. Ct. 2141, 2149, 57 L. Ed. 2d 1 (1978)). As stated by this Court in *Grayer*:

offender on remand.

## CONCLUSION

¶16.    Because the State failed to prove that Young had at least two prior felony convictions that were brought and arose out of separate incidents at different times and that Young was sentenced to separate terms of at least one year for the prior convictions, Young was improperly sentenced as a habitual offender. Therefore, this Court reverses Young's habitual offender sentence and remands the case for his resentencing as a nonhabitual offender.

¶17.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[A]n habitual offender's sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant's conviction has been overturned due to a failure of proof at trial, . . . the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.

*Grayer*, 120 So. 3d at 970 (alterations in original) (quoting *Ellis*, 520 So. 2d at 496). This case does not present a circumstance in which the trial court committed error by improperly admitting evidence that might lend itself to a readjudication for the purpose of correcting that trial error. Instead, the State presented evidence meant to establish Young's habitual offender status. The evidence presented was insufficient. This constitutes a failure of proof, thereby precluding the State from a second opportunity to prove Young's habitual offender status on remand.