# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00068-COA

**JA'CORY HAMPTON A/K/A JA'COREY HAMPTON A/K/A JACORY HAMPTON**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2022 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED IN PART - 10/22/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.    A Bolivar County Circuit Court jury found Ja'Cory Hampton guilty of first-degree murder for the shooting death of Deontavis[1] Clark, which occurred on March 23, 2021.  The jury also convicted Hampton of using a firearm during the commission of a felony.  The Bolivar County Circuit Court sentenced Hampton to life imprisonment as required by Mississippi Code Annotated section 97-3-21(1) (Rev. 2020) for the murder conviction.  For

---

[1] The record contains multiple alternative spellings of the victim's first name.  For the sake of clarity, we have adopted the spelling used in Hampton's indictment.

the firearm enhancement, the circuit court ordered Hampton to serve a consecutive five-year sentence, with both sentences to be served in the custody of the Mississippi Department of Corrections (MDOC). The circuit court denied Hampton's post-trial motion for a judgment notwithstanding the verdict or, alternatively, a new trial. On appeal, Hampton argues that under Mississippi Code Annotated section 97-37-37(1) (Rev. 2020), his consecutive five-year sentence for using a firearm during the commission of a felony is illegal. Because we agree, we vacate Hampton's sentence for the firearm enhancement. We therefore affirm in part and vacate in part the judgment of conviction and sentencing.

## DISCUSSION

¶2. In his sole issue on appeal, Hampton asserts, and the State agrees, that his five-year sentence enhancement for using a firearm during the commission of Clark's death constituted plain error and must be vacated. The appellate courts "give[] deference to a trial court's imposition of a sentence." *Davis v. State*, 379 So. 3d 312, 317 (¶14) (Miss. 2024). Although Hampton acknowledges that he failed to raise the issue before the circuit court, Mississippi caselaw holds "that the plain[-]error doctrine applies to illegal sentencing because 'an accused has a fundamental right to be free of an illegal sentence.' An illegal sentence is one that 'exceeds the maximum statutory penalty for the crime.'" *Id.* (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)).

¶3. In *Davis*, co-defendants were convicted of two counts of first-degree murder for deaths that occurred during a drive-by shooting and for one count of using a firearm during the commission of the offense. *Id.* at 316-17 (¶10). On appeal, the two co-defendants argued

2

that the circuit court had erred by adding a firearm enhancement to their sentences of life imprisonment, and the State agreed with the co-defendants that their sentence enhancements were illegal. *Id.* at 317-18 (¶¶12, 16). Upon review, the Mississippi Supreme Court also agreed and vacated the firearm-enhancement portions of the co-defendants' sentences. *Id.* at 318 (¶18).

¶4. As in *Davis*, the circuit court here sentenced Hampton under section 97-37-37(1) to serve an additional five-year sentence for the firearm enhancement, with the enhanced portion of his sentence to be served consecutively to his life imprisonment for first-degree murder. Relevant to Hampton's appeal, however, section 97-37-37(1) provides the following:

> Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

¶5. As the *Davis* court noted, "[t]he mandatory minimum and maximum sentence for first-degree murder is life." *Davis*, 379 So. 3d at 318 (¶18). Thus, due to his mandatory sentence of life imprisonment for first-degree murder, Hampton already faced "a greater minimum sentence" than the five years provided for in section 97-37-37(1). *See* Miss. Code Ann. § 97-3-21(1)(a) ("[E]very person who is . . . [c]onvicted of first-degree murder shall be sentenced by the court to imprisonment for life in the custody of the Department of Corrections."). In its appellate brief, the State admits that "Hampton is not eligible for the five-year sentence under the firearm[-]enhancement statute" due to the minimum mandatory sentence required

for his first-degree-murder conviction. The State further admits the circuit court therefore "plainly erred by sentencing Hampton under the firearm[-]enhancement statute." Because we agree, we vacate the five-year enhanced portion of Hampton's sentence under section 97-37-37(1).

## CONCLUSION

¶6. Upon review, we find the circuit court plainly erred by sentencing Hampton to serve a consecutive five-year sentence under section 97-37-37(1). Accordingly, we vacate the enhanced portion of his sentence for first-degree murder. As a result, we affirm in part and vacate in part the judgment of conviction and sentencing.

¶7. **AFFIRMED IN PART; VACATED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WEDDLE, J., NOT PARTICIPATING.**